UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Jeffrey Orenstein, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Spruce Services, Inc.,<br><br>Defendant. | CASE NO.   1:23-cv-00391<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1. Jeffrey Orenstein ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Spruce Services, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(a)(2) by delivering more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates the FTSA by delivering telephonic sales calls to Florida consumers to advertise its goods and services through the use of automated systems to select or dial those telephone numbers, all without obtaining prior express written consent to do so.

**Parties**

4. Plaintiff is a natural person who at all relevant times resided in Boca Raton, Florida.

1

5. Defendant is a residential cleaning corporation that focuses its services on large residential properties such as multi-unit apartments.

6. Defendant is headquartered in Austin, Texas, and incorporated in Delaware.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under both 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant is headquartered in this district and a significant portion of the events giving rise to this action occurred in this district.

9. In particular, Defendant delivered its text messages to Plaintiff's telephone from this district, and Defendant entered into its policy of delivering telemarketing messages to similarly situated consumers in this district.

## Factual Allegations

10. Plaintiff is—and has been for at least 25 years—the regular and sole user of his cellular telephone number—(917) 287-XXXX.

11. Plaintiff uses his cellular telephone as his personal residential telephone number.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered his cellular telephone number with the DNC Registry in or around December 2004.

14. In or around November 2022 and continuing through January 2023, Plaintiff began

receiving text messages on his cellular telephone from (737) 259-4171:



15. Plaintiff did not recognize the sender of these text messages.

16. Plaintiff did not previously request any cleaning services from Defendant.

17. Plaintiff is not, and was not, interested in Defendant's services or marketing.

18. Plaintiff has never booked any services with Defendant, nor made any inquiries on Defendant's website.

19. Plaintiff estimates that he has received at least three telemarketing and solicitation text messages from Defendant from telephone number (737) 259-4171.

20. Upon information and good faith belief, Defendant delivered identical—or materially identical—text messages to all residents in Plaintiff's apartment building, as well as

3

numerous other apartment buildings across the country.

21. Because of the standardized nature and mass delivery of the subject text messages, upon information and good faith belief, Defendant used an automated system for the selection or dialing of telephone numbers to transmit the subject text messages to Plaintiff's cellular telephone number, as well as the telephone numbers of all other residents in his apartment building and those across the country.

22. Upon information and good faith belief, given the impersonal, standardized, and automated nature of the subject text messages, as well as their mass delivery to Plaintiff and other proposed members of the classes, Defendant used a computer software system to automatically select or deliver text messages to Plaintiff's cellular telephone number, as well as the telephone numbers of all other residents in his apartment building and those across the country.

23. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

24. Defendant sent the text messages at issue for non-emergency purposes.

25. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

26. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

27. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

28. Plaintiff suffered actual harm as a result of the text messages at issue in that he was annoyed by the delivery of unwanted telemarketing or solicitation messages, and that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

29. Additionally, Plaintiff spent time reviewing each of the telemarketing text messages at issue, and additional time investigating whether he had unwittingly requested cleaning service quotes from Spruce.

30. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

**Class Action Allegations**

31. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal TCPA Class:**

> All persons throughout the United States (1) to whom Spruce Services, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Spruce Services, Inc.'s or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Spruce Services, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Florida Class:**[1]

> All persons and entities throughout the state of Florida (1) to whom Spruce Services, Inc. delivered, or caused to be delivered, a telephonic sales call promoting Spruce Services, Inc.'s or its business partners' goods or services, (2) where the subject text messages were delivered, or caused to be delivered, using the same equipment or type of equipment used to call Mr. Orenstein, (3) from July 1, 2021 through the date of class certification.

32. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

---

[1] The "Federal TCPA Class" and the "Florida Class" are collectively referred to as the "Classes."

33. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

34. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

35. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

36. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

37. Plaintiff's claims are typical of the claims of the members of the Classes.

38. As it did for all members of the Federal TCPA Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his telephone number with the DNC Registry, absent prior express written consent.

39. As it did for all members of the Florida Class, Defendant delivered telephonic sales text messages to Plaintiff's telephone number absent prior express written consent.

40. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

41. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

42. Plaintiff suffered the same injuries as the members of the Classes.

43. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

44. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

interests of the members of the Classes.

45. Plaintiff will vigorously pursue the claims of the members of the Classes.

46. Plaintiff has retained counsel experienced and competent in class action litigation.

47. Plaintiff's counsel will vigorously pursue this matter.

48. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

49. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

50. Issues of law and fact common to all members of the Classes include:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

    b. For the Federal TCPA Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days without obtaining prior express written consent;

    c. For the Florida Class, Defendant's practice of delivering telephonic sales calls, to persons in Florida without obtaining prior express written consent;

    d. For the Florida Class, Defendant's practice of using an automated system for the selection or dialing of telephone numbers;

    e. Defendant's violations of the TCPA and FTSA; and

    f. The availability of statutory penalties.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

52. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

53. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

54. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

55. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

56. The damages suffered by the individual members of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

57. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

58. There will be no extraordinary difficulty in the management of this action as a class action.

59. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal TCPA Class**

60. Plaintiff repeats and re-alleges each and every factual allegation contained in

paragraphs 1-59.

61. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690 (5th Cir. 2021) (concluding same).

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

64. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

65. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Federal TCPA Class who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

66. Moreover, upon information and good faith belief, every telephone number that

Defendant delivered its text messages to was presumed to be a residential telephone number, because Defendant only offers residential cleaning services to consumers, and Defendant targeted Plaintiff's telephone number, and the telephone numbers of the Federal TCPA Class members, based on its determination that those telephone numbers were the residential telephone numbers of multi-family residential buildings.

67. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and the Federal TCPA Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

68. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the Federal TCPA Class, are entitled to damages in an amount to be proven at trial.

## Count II
### Violation of Fla. Stat. § 501.059
### On behalf of the Florida Class

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

70. Plaintiff is the "regular user of" his cellular telephone number, making him the "called part" as defined by the FTSA. *See* Fla. Stat. § 501.059(1)(a).

71. Defendant delivered "telephonic sales calls," as defined by the FTSA, because it delivered text messages to Plaintiff's cellular telephone number for the purpose of "soliciting a sale of any consumer goods or services" or "obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services." *See id.* at § 501.059(1)(j).

72. A text message can be a "call" as defined by the FTSA. *Id.*

73. The FTSA prohibits a caller from "mak[ing] or knowingly allow[ing] a telephonic

sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." *Id.* at § 501.059(8)(a).

74. The FTSA defines "prior express written consent" as "a written agreement that:

(1) Bears the signature of the called party;

(2) Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

(3) Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

(4) Includes a clear and conspicuous disclosure informing the called party that:

(a) By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

(b) He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

*Id.* at § 501.059(1)(g).

75. Defendant failed to obtain prior express consent from Plaintiff or the Florida Class members to deliver telephonic sales calls to their telephone numbers.

76. In fact, Defendant did not even attempt to obtain prior express consent from Plaintiff or the Florida Class members to deliver telephonic sales calls to their telephone numbers.

77. Defendant violated Fla. Stat. § 501.059(8)(a) by repeatedly delivering telephonic sales call messages to Plaintiff's telephone number, and the telephone numbers of the Florida Class

members, without obtaining their prior express written consent.

78. In doing so, Defendant delivered the telephonic sales calls by using an automated system for the selection or dialing of telephone numbers.

79. Plaintiff and the Florida Class were harmed by Defendant's conduct because they (1) suffered an invasion of privacy; (2) suffered an intrusion into their lives; (3) suffered a private nuisance; and (4) wasted time reviewing or responding to the subject text messages, along with additional wasted time confirming that they did not seek previously consent to or seek services from Defendant.

80. As a result of Defendant's violations of the FTSA, Plaintiff and the Sender Identification Class are entitled to $500 in statutory damages for each of Defendant's violations of the FTSA, trebled to $1,500 per violation in the event that the Court finds that Defendant acted willfully or knowingly. Fla. Stat. § 501.059(10).

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a.    Determining that this action is a proper class action;

    b.    Designating Plaintiff as a class representative of the proposed Classes under Federal Rule of Civil Procedure 23;

    c.    Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d.    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5) and Fla. Stat. § 501.059(8)(a);

    e.    Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers

        registered with the DNC Registry for at least thirty days or delivering telephonic sales calls to persons in Florida without obtaining prior express written consent;

f.    Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(c)(5)(B) and Fla. Stat. § 501.059(10)(a);

g.    Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(c)(5)(C) and Fla. Stat. § 501.059(10)(b);

h.    Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and Fla. Stat. § 501.059(11)(a);

i.    Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j.    Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: April 5, 2023

        */s/ Bryan A. Giribaldo*
        Bryan A. Giribaldo
        Alex D. Kruzyk (application for admission pending)
        **PARDELL, KRUZYK & GIRIBALDO, PLLC**
        501 Congress Avenue, Suite 150
        Austin, Texas 78701
        Tele: (561) 726-8444
        bgiribaldo@pkglegal.com
        akruzyk@pkglegal.com

        *Counsel for Plaintiff and the proposed classes*