UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Jeffrey Orenstein, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>Spruce Services, Inc.,<br><br>   Defendant. | CASE NO. 1:23-cv-00391-PITMAN<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1. Jeffrey Orenstein ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Spruce Services, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(a)(2) by delivering more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Parties**

3. Plaintiff is a natural person who at all relevant times resided in Boca Raton, Florida.

4. Defendant is a residential cleaning corporation that focuses its services on large residential properties such as multi-unit apartments.

5. Defendant is headquartered in Austin, Texas, and incorporated in Delaware.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28

1

U.S.C. § 1331.

7. Venue is proper before this Court under both 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant is headquartered in this district and a significant portion of the events giving rise to this action occurred in this district.

8. In particular, Defendant delivered its text messages to Plaintiff's telephone from this district, and Defendant entered into its policy of delivering telemarketing messages to similarly situated consumers in this district.

**Factual Allegations**

9. Plaintiff is—and has been for at least 25 years—the regular and sole user of his cellular telephone number—(917) 287-XXXX.

10. Plaintiff uses his cellular telephone as his personal residential telephone number.

11. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

12. Plaintiff registered his cellular telephone number with the DNC Registry in or around December 2004.

13. In or around November 2022 and continuing through January 2023, Plaintiff began receiving text messages on his cellular telephone from (737) 259-4171:



14. Plaintiff did not recognize the sender of these text messages.

15. Plaintiff did not previously request any cleaning services from Defendant.

16. Plaintiff is not, and was not, interested in Defendant's services or marketing.

17. Plaintiff has never booked any services with Defendant, nor made any inquiries on Defendant's website.

18. Plaintiff estimates that he has received at least three sets of telemarketing and solicitation text messages from Defendant from telephone number (737) 259-4171.

19. Upon information and good faith belief, Defendant delivered identical—or materially identical—text messages to all residents in Plaintiff's apartment building, as well as numerous other apartment buildings across the country.

20. Because of the standardized nature and mass delivery of the subject text messages, upon information and good faith belief, Defendant used an automated system for the selection or dialing of telephone numbers to transmit the subject text messages to Plaintiff's cellular telephone number, as well as the telephone numbers of all other residents in his apartment building and those across the country.

21. Upon information and good faith belief, given the impersonal, standardized, and automated nature of the subject text messages, as well as their mass delivery to Plaintiff and other proposed members of the class, Defendant used a computer software system to automatically select or deliver text messages to Plaintiff's cellular telephone number, as well as the telephone numbers of all other residents in his apartment building and those across the country.

22. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

23. Defendant sent the text messages at issue for non-emergency purposes.

24. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

25. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

26. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

27. Plaintiff suffered actual harm as a result of the text messages at issue in that he was annoyed by the delivery of unwanted telemarketing or solicitation messages, and that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

28. Additionally, Plaintiff spent time reviewing each of the telemarketing text

messages at issue, and additional time investigating whether he had unwittingly requested cleaning service quotes from Spruce.

29. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

**Class Action Allegations**

30. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom Spruce Services, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Spruce Services, Inc.'s or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Spruce Services, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of the original complaint through the date of class certification.

31. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

32. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

33. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

34. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

35. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Class.

36. Plaintiff's claims are typical of the claims of the members of the Class.

37. As it did for all members of the Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his telephone number with the DNC Registry, absent prior express written consent.

38. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

39. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

40. Plaintiff suffered the same injuries as the members of the Class.

41. Plaintiff will fairly and adequately protect the interests of the members of the Class.

42. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

43. Plaintiff will vigorously pursue the claims of the members of the Class.

44. Plaintiff has retained counsel experienced and competent in class action litigation.

45. Plaintiff's counsel will vigorously pursue this matter.

46. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

47. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

48. Issues of law and fact common to all members of the Class include:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b. Defendant's practice of delivering text messages, for solicitation purposes,

to telephone numbers already registered on the DNC Registry for more than thirty days without obtaining prior express written consent;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

50. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

51. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

52. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

53. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

54. The damages suffered by the individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

55. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

56. There will be no extraordinary difficulty in the management of this action as a class

action.

57. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

58. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-57.

59. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690 (5th Cir. 2021) (concluding same).

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

62. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

63. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated,

8

telephone solicitations to telephone subscribers such as Plaintiff and the Class who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64. Moreover, upon information and good faith belief, every telephone number that Defendant delivered its text messages to was presumed to be a residential telephone number, because Defendant only offers residential cleaning services to consumers, and Defendant targeted Plaintiff's telephone number, and the telephone numbers of the Class members, based on its determination that those telephone numbers were the residential telephone numbers of multi-family residential buildings.

65. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and the Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

66. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a. Determining that this action is a proper class action;

  b. Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

  c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

  d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

  e. Enjoining Defendant from continuing their violative behavior, including

continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f.  Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g.  Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h.  Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i.  Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j.  Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: June 12, 2023

/s/ *Alex D. Kruzyk*
Alex D. Kruzyk
Bryan A. Giribaldo
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

*Counsel for Plaintiff and the proposed class*