# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY ORENSTEIN**, *on behalf of himself and all others similarly situated,* Plaintiff | § § § § | |
| **v.** | § | **Case No. 1:23-cv-00391-SH** |
| **SPRUCE SERVICES, INC.,** *Defendant* | § § § | |

### THIRD AMENDED SCHEDULING ORDER

Now before the Court is the Joint Motion to Modify Amended Scheduling Order, filed June 13, 2024 (Dkt. 31). Finding good cause therefor, the Court **GRANTS** the Motion and issues the following Third Amended Scheduling Order:

1. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Rule 26(a)(2)(B) on or before **August 13, 2024**. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Rule 26(a)(2)(B) on or before **August 13, 2024**. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Rule 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 14 days from the receipt of the report of the opposing expert.

2. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **14 days** from the receipt of the written report of the expert's proposed testimony, or within **14 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

3. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **August 16, 2024**, and each opposing party shall respond, in writing, on or before **August 30, 2024**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

4. The parties shall complete all discovery on or before **December 27, 2024**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

5. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **January 9, 2025**.

6. All dispositive motions shall be filed on or before **February 4, 2025** and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than **7 days** after the service of the response and shall be limited to 10 pages, but the Court need not wait for a reply before ruling on the motion.

7. This case is set for final pretrial conference on **Wednesday, April 23, 2025 at 10 a.m.** and set for jury trial commencing **Monday, May 5, 2025 at 9 a.m.** The Court **ORDERS** counsel to review Local Rule AT-5, Standards for Conduct before the Judge and Jury, before they appear for the final pretrial conference.

By filing an agreed motion, the parties may request that the Court extend any deadline set in this Order except the dispositive motion deadline and the final pretrial conference and trial dates.

**<u>Pretrial Submissions</u>**

Pursuant to Local Rule CV-16(f), the Court **ORDERS** all parties to serve and file the following information on or before **Friday, April 4, 2025**:

1. A list of questions the party desires the court to ask prospective jurors.

2. A joint statement of the parties' claims and defenses to be used by the court in conducting voir dire. The statement shall be no longer than one-half page with type double-spaced.

3. A list of stipulated facts.

4. An appropriate identification of each exhibit as specified in this rule (except those to be used for impeachment only), separately identifying those that the party expects to offer and those that the party may offer if the need arises.

5. The name and, if not previously provided, the address and telephone number of each witness (except those to be used for impeachment only), separately identifying witnesses the party expects to present and those the party may call if the need arises.

6. The names of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

7. Proposed jury instructions and verdict forms. The parties are hereby **ORDERED** to meet and confer and submit a joint proposed set of jury instructions. Any jury instructions to which both parties do not agree must be submitted separately with appropriate citations to the law supporting those instructions. **Joint jury instructions shall be submitted in complete format as they would appear when submitted to the jury**.

8. Any motions in limine.

9. An estimate of the probable length of trial.

## Objections to Pretrial Submissions

The Court hereby **ORDERS** that, after receiving the information required by Local Rule CV-16(f), the parties confer with each other to discuss, and resolve if possible, any objections they may have to each other's (1) exhibits, (2) designated deposition testimony, and (3) motions in limine.

Pursuant to Local Rule CV-16(g), the Court further **ORDERS** both parties to serve and file the following information on or before **Friday, April 18, 2025**:

1. A list disclosing any objection, together with the grounds therefor, that may be made to the admissibility of any exhibits. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

2. A list disclosing any objections to the use under Rule 32(a) of deposition testimony designated by the other party.

3. Responses to any motions in limine.

The Court may impose sanctions under Rule 16(f) if the parties do not make timely submissions under this Order.

**SIGNED** on June 14, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE